**PHILIP D. STERN & ASSOCIATES, LLC**
697 Valley Street, Suite 2D
Maplewood, NJ 07040-2642
Telephone: (973) 379-7500
Attorney of Record: Philip D. Stern
Attorneys for Plaintiffs, Karl W. Krug, Dolores
M. Krug, and all others similarly situated

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KARL W. KRUG, an individual; and
DOLORES M. KRUG, an individual; on
behalf of themselves and all others similarly
situated,

         Plaintiffs,

   vs.

AEGIS RECEIVABLES MANAGEMENT,
INC., a Delaware Corporation; and JOHN
AND JANE DOES NUMBERS 1 THROUGH
25,

        Defendants.

**CLASS ACTION COMPLAINT**

Plaintiffs, KARL W. KRUG and DOLORES M. KRUG (collectively, the "KRUGS"), on behalf of themselves and all others similarly situated, by way of Complaint against the Defendants, say:

### I. PARTIES

1.     KARL W. KRUG is a natural person.

2.     At all times relevant to this complaint, KARL W. KRUG was a citizen of, and resided in, the Township of Millville, Cumberland County, New Jersey.

3.     DOLORES M. KRUG is a natural person.

4.     At all times relevant to this complaint, DOLORES M. KRUG was a citizen of, and resided in, the Township of Millville, Cumberland County, New Jersey.

5.     At all times relevant to this complaint, AEGIS RECEIVABLES MANAGEMENT, INC. ("AEGIS") is a for-profit corporation existing pursuant to the laws of the State of Delaware. AEGIS maintains its principal business address at 8201 Ridgepoint Drive, City of Irving, Dallas County, Texas.

6.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

7.     The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with and oversaw policies and procedures used by the employees of AEGIS that are the subject of this complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by AEGIS and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## II. JURISDICTION & VENUE

8.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

9.     Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because Defendant, AEGIS resides in this federal district and all or a substantial part of the events giving rise to Plaintiffs' claims occurred within this federal judicial district.

### III. PRELIMINARY STATEMENT

10.   Plaintiffs, on their own behalf and on behalf of the class they seek to represent, bring this action for the illegal practices of the Defendants who used false, deceptive and misleading practices, and other illegal practices, in connection with their attempts to collect alleged debts from the Plaintiffs and others. Plaintiffs allege that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, *et seq.* ("FDCPA").

11.   Such practices include, *inter alia*:

    (a)   Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of AEGIS's identity;

    (b)   Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

    (c)   Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

12.   The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. §1692(a) - (e).

13.     The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of one violation. The Third Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Graziano v. Harrison,* 950 F.2d 107, 111n5 (3d Cir. 1991).

14.     To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. §1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection conduct. 15 U.S.C. §1692d(1)-(6). Among the *per se* violations is the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. §1692d(6).

15.     To prohibit deceptive practices, the FDCPA, at 15 U.S.C. §1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §1692e(1)-(16). Among these *per se* violations are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. §1692e(11).

16.     The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, and all other common law or statutory regimes.

## IV. FACTS CONCERNING PLAINTIFFS

17.     At all times relevant to this complaint, the KRUGS are married and live together as husband and wife in the same residence.

18.     The KRUGS share the same home telephone and answering machine.

19.     AEGIS has alleged that, sometime prior to December 17, 2008, KARL W. KRUG incurred a financial obligation ("Karl Obligation").

20.     KARL W. KRUG never incurred any debts in connection with a business or commercial activities and, therefore, the Karl Obligation, if truly an obligation owed by him, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

21.     KARL W. KRUG is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

22.     AEGIS has alleged that, sometime prior to May 7, 2009, DOLORES M. KRUG incurred a financial obligation ("Dolores Obligation").

23.     DOLORES M. KRUG never incurred any debts in connection with a business or commercial activities and, therefore, the Dolores Obligation, if truly an obligation owed by her, could have only arisen from a financial obligation for primarily personal, family, or household purposes.

24.     DOLORES M. KRUG is, at all times relevant to this complaint, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

25.     The KRUGS are informed and believe, and on that basis allege, that sometime the original creditor of the Karl Obligation and the Dolores Obligation either directly or through intermediate transactions sold those Obligations to RESURGENT CAPITAL SERVICES, LP

("RESURGENT") or LVNV Funding, LLC. ("LVNV") for collection.

26.     RESURGENT and LVNV each collect, and attempt to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

27.     RESURGENT and LVNV are each a leading manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers who own non-performing consumer debts, which are in default at the time the debts are acquired.

28.     In connection with its debt servicing operations, RESURGENT and LVNV each outsource some of their collection activities to other collection agencies, such as AEGIS.

29.     The KRUGS are informed and believe, and on that basis allege, RESURGENT and/or LVNV either directly or through intermediate transactions assigned, placed, or transferred the Karl Obligation and the Dolores Obligation to AEGIS for collection.

30.     AEGIS collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

31.     AEGIS is a "debt collector" as defined by 15 U.S.C. §1692a(6).

32.     AEGIS contends that the Karl Obligation and the Dolores Obligation are each in default.

33.     The Karl Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

34.     The Dolores Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

35.     Within the one year immediately preceding the filing of this complaint, AEGIS placed telephone calls to the KRUGS and left "pre-recorded" telephonic voice messages ("Messages") on the their home telephone answering machine.

36.     On at least the dates of June 29, 2009, July 9, 2009, July 16, 2009, and July 19,

2009, the KRUGS received the following "pre-recorded" Message on their home answering

machine:

> Hi, we have been leaving messages for you; however, we have not
> heard from you so far. It's important we need to get in touch with
> you, so please return this call today yourself before 9:00 p.m.
> Eastern Standard Time at our number: 866-265-7685. I repeat, its
> 866-265-7685.

37.     At the time of the filing of this Complaint, Plaintiffs have not determined whether

the Messages were left in connection with the collection of the Karl Obligation, the Dolores

Obligation, or both, because the Messages do not specify such information.

38.     At the time the KRUGS received the Messages, they did not know that the

Messages were from a debt collector or that the Messages concerned the collection of a debt.

39.     The least sophisticated consumer would not know that the Messages were from a

debt collector or that the Messages concerned the collection of a debt.

40.     Each of the Messages was left for Plaintiffs in connection with the collection of a

"debt" as defined by 15 U.S.C. §1692a(5).

41.     Each of the Messages is a "communication" as defined by 15 U.S.C. §1692a(2).

42.     Each of the Messages was left by, or caused to be left by, persons employed as

debt collectors by AEGIS.

43.     Each of the Messages failed to meaningfully identify AEGIS as the caller in that

the Messages failed to identify AEGIS by its company name as the caller.

44.     Each of the Messages failed to meaningfully identify AEGIS as the caller in that

the Messages failed to disclose the purpose or nature of the communication (i.e., an attempt to

collect a debt).

45.     Each of the Messages failed to disclose that the communication was from a debt collector.

46.     The telephone number "866-265-7685" is answered by debt collectors employed by AEGIS.

47.     AEGIS's act of leaving the Messages for Plaintiffs is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA.

48.     AEGIS's act of leaving the Messages for Plaintiffs constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

49.     The FDCPA secures the consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and that AEGIS is a debt collector in a manner understandable to the least sophisticated consumer, AEGIS has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## V. POLICIES AND PRACTICES COMPLAINED OF

50.     It is Defendants' policy and practice to leave telephonic voice messages for consumers, such as the Messages, that violate the FDCPA by failing to:

    (a)     Leaving telephonic voice messages for consumers and others, which fail to provide meaningful disclosure of AEGIS's identity;

    (b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector; and

(c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication (i.e. an attempt to collect a debt).

51.     On information and belief, AEGIS left messages on more than 50 consumers' telephone answering devices which are the same as or substantially the same as the Messages in that it failed to: provide meaningful disclosure of AEGIS's identity as the caller; disclose the purpose or nature of the communication (i.e., an attempt to collect a debt); and disclose that the communication was from a debt collector. [The foregoing factual contention is made on belief after inquiry that it will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.]

## VI.  CLASS ALLEGATIONS

52.     This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

53.     The CLASS consists of all persons with telephone numbers beginning with an "856" area code to whom Defendants (or any of them), while seeking payment of a debt, placed a call to that number and left a Voice-Message within the Time Period.

(a)     "Voice-Message" means a voice recording placed on a class member's answering machine or voicemail by Defendants (or any of them) while attempting to collect a debt which did not disclose either:

(i.)    that the purpose or nature of the communication was an attempt to collect a debt; or

(ii.)   that the Voice-Message was being left by a debt collector.

(b)   "Time Period" means the continuous period of time beginning on the earliest date which is within one year prior to the filing of this Complaint and ending on the date of service of the Summons and Complaint on AEGIS.

54.   The identities of the members of the CLASS are readily ascertainable from the records of AEGIS and those companies and governmental entities on whose behalf it attempt to collects debts.

55.   Excluded from the CLASS are the Defendants and all officers, members, partners, managers, directors, and employees of AEGIS and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

56.   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure.

57.   With respect to Rule 23(a), Plaintiffs assert that, at the time of the class certification motion, it will be demonstrated that:

(a)   **Numerosity:** The CLASS is so numerous that joinder of all members would be impractical;

(b)   **Typicality:** Plaintiffs' claims are typical of the claims of the members of the CLASS in that Plaintiffs' individual claims relate to manner in which Defendants leave messages on consumer's answering machines or voice mail systems;

(c)   **Commonality:** Questions of fact and law concerning the claims of the members of the CLASS' are common as they arise from Defendants' uniform course of conduct without regard to the facts which are unique to each individual class member.

(d)    **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the members of the CLASS insofar as Plaintiffs have no interests that are adverse to the absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

58.    With respect to Rule 23(b)(3), Plaintiffs assert that, at the time of the class certification motion, it will be demonstrated that:

(a)    **Predominace:** The questions of law and fact common to members of the class predominate over any questions affecting an individual member as the principal issue is whether AEGIS left for consumers messages which failed to meaningfully identify the caller by not stating the nature or purpose of the call, and which failed to identify the caller as a debt collector; and

(b)    **Superiority:** A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

59.    Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class only as to particular issues pursuant to Fed.R.Civ.P. 23(c)(4).

60.    Certification of the Class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure may also be appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendants, which, on information and belief, collect debts throughout

the United States of America.

61.     Certification of the Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure may also be appropriate in that a determination that the Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and the additional damages allowable under the FDCPA would be merely incidental to that determination.

## VII.  FIRST CAUSE OF ACTION

62.     Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

63.     Defendants violated the FDCPA. Defendants' violations with respect to the Messages include, but are not limited to, the following:

(a)     Placing telephone calls without providing meaningful disclosure of AEGIS's identity as the caller by failing to state the nature or purpose of the call in violation of 15 U.S.C. §1692d(6);

(b)     Failing to disclose in its initial communication with the consumer that AEGIS is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. §1692e(11); and

(c)     Failing to disclose in all oral communications that AEGIS is a debt collector in violation of 15 U.S.C. §1692e(11).

## VIII.  PRAYER FOR RELIEF

64.     WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Plaintiff Class as follows:

A.     An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing

KARL W. KRUG and DOLORES M. KRUG and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above;

B.   An award of the maximum statutory damages for KARL W. KRUG pursuant to 15 U.S.C. §1692k(a)(B);

C.   An award of the maximum statutory damages for DOLORES M. KRUG pursuant to 15 U.S.C. §1692k(a)(B);

D.   An award of the maximum statutory damages for the Plaintiff Class pursuant to 15 U.S.C. §1692k(a)(B);

E.   An incentive award, in the discretion of the Court, for the time, effort and expense incurred by Plaintiffs in connection with this action;

F.   Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. §1692k(a)(B)(3); and

G.   For such other and further relief as may be just and proper.

**PHILIP D. STERN & ASSOCIATES, LLC**

*/s/ Philip D. Stern*

Dated: June 23, 2010

PHILIP D. STERN
Attorneys for Plaintiffs, Karl W. Krug, Dolores M. Krug, and all others similarly situated